UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21517-CIV-HUCK/OTAZO-REYES

JOHN DOE,

    Plaintiff
v.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS REVOLUCIONARIOS
DE COLOMBIA, a/k/a FARC, a/k/a
REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

    Defendants, and

SSM Petcoke LLC,

    Garnishee.
_____/

## SEALED REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff John Doe's ("Plaintiff") Unopposed Motion for Release of Funds Held by Garnishee, SSM Petcoke LLC ("Petcoke") (hereafter, "Motion for Release of Funds") [D.E. 258]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Paul C. Huck, United States District Judge [D.E. 261]. The undersigned held an Ex Parte Hearing on this matter on October 17, 2019 [D.E. 263]. The undersigned has considered the following:

- the Affidavit of John Thornton, attorney for Plaintiff [D.E. 258-2];
- the Affidavit of David L. Gaddis, who has been a member of the Drug Enforcement Administration since 1986 and has expertise in the Colombian drug cartels, their modus operandi, and how their illicit enterprises affected socio-political conditions

in Colombia and the surrounding countries of Venezuela, Ecuador and others in the Andean region [D.E. 258-6];

- the Affidavit of Brian Fonseca, an expert on politics and security in Venezuela [D.E. 258-7]; and

- all legal authorities cited within the Motion for Release of Funds, including the Terrorism Risk Insurance Act of 2002 ("TRIA"), §201(a), 28 U.S.C. § 1610 note; Fed. R. Civ. P. 69(a); and the applicable Florida statutes governing procedures on post-judgment garnishment and execution.

At the Ex Parte Hearing, the undersigned deemed it inappropriate to consider Plaintiff's Supplemental Appendix in Support of Motion for Release of Funds [D.E. 262], and this document was not taken into consideration.

## **RECOMMENDATION**

Having reviewed the foregoing materials and having heard the argument of counsel, the undersigned respectfully recommends that the Motion for Release of Funds be GRANTED and that the Court issue an Order setting forth the following findings and rulings:

1) This Court has subject matter jurisdiction to administer post-judgment proceedings pursuant to TRIA § 201.

2) The Court concludes that Plaintiffs, through their extensive submissions, have adequately established that:

   (a) they have obtained judgment against Defendants Ejercito De Liberacion Nacional ("ELN") and Fuerzas Armadas Revolucionarios De Colombia ("FARC") ("Defendants");

   (b) the judgment is based on an act of terrorism;

(c) the assets which Plaintiffs seek to execute on are "blocked assets" as that term is defined under TRIA;

(d) the total amount of the execution does not exceed the amount outstanding of the compensatory portion of judgment; and

(e) Petrocedeño SA ("Petrocedeño") is an agency or instrumentality of the FARC and/or ELN. Thus, its blocked assets are subject to attachment and execution pursuant to the TRIA.

3) The Court further finds that Plaintiff has served a writ of garnishment on Garnishee Petcoke for funds of Petrocedeño and satisfied all notice requirements pursuant to Florida law.

4) Defendants and Petrocedeño have failed to timely move to dissolve the writ of garnishment and are in default.

5) Plaintiff's Motion for Release of Funds [D.E. 258] is GRANTED.

6) The Court hereby directs Petcoke to surrender to Plaintiff's counsel funds equivalent to the outstanding balance of the compensatory portion of Plaintiff's judgment, which is $16,407,177.41, plus interest since September 30, 2019, within ten (10) business days from the date of the order, less reasonable costs and fees incurred by the Garnishee in this proceeding.

7) The Court directs the Clerk to release to Petcoke the garnishment fee of $100.00.

8) Upon completion of the requirements herein, Petcoke will be released from any liability to Petrocedeño (or anyone else with claimed ownership rights to the blocked funds) for the amount of the funds surrendered to Plaintiff and discharged from this garnishment action for compliance with the Order of the Court.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Paul C.

Huck, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 23 day of October, 2019.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Paul C. Huck
Counsel of Record