UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21517-CIV-HUCK/OTAZO-REYES

JOHN DOE,

    Plaintiff,

v.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS REVOLUCIONARIOS
DE COLOMBIA, a/k/a FARC, a/k/a
REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

    Defendants, and

SSM Petcoke LLC,

    Garnishee.
_____/

## SEALED SECOND SUPPLEMENT TO
## SEALED REPORT AND RECOMMENDATION [D.E. 264]

THIS CAUSE came before the Court upon the Sealed Statement of Interest of the United States (hereafter, "Statement") [D.E. 272] and Plaintiff John Doe's ("Plaintiff") Sealed Response to Sealed Statement of Interest of the United States (hereafter, "Response") [D.E. 275]. These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Paul C. Huck, United States District Judge [D.E. 276].

In its Statement, the United States argues that the undersigned's Sealed Report and Recommendation [D.E. 264] failed to make a required finding that the blocked assets as to which Plaintiff seeks execution of its judgment, pursuant to the Terrorism Risk Insurance Act ("TRIA"), are "owned" by Petrocedeño S.A. ("Petrocedeño"), which has been found to be an agency or

instrumentality of Defendants FARC and/or ELN. See Statement [D.E. 272 at 4]. Having reviewed the Statement and Response, the undersigned finds it appropriate to make such a finding and to supplement the Sealed Report and Recommendation [D.E. 264] filed October 24, 2019 accordingly.

## SUPPLEMENTAL FACTS

1. On March 4, 2019, Garnishee SSM Petcoke LLC ("Petcoke") submitted to the Office of Foreign Assets Control ("OFAC") a report of blocked property held pursuant to OFAC regulations (hereafter, "Report") [D.E. 275-1, at 1]. The exhibit attached to the Report listed the following property: $18,837,114.83, constituting amounts owed for inventory purchased by Petcoke from Petrocedeño (hereafter, "Property") [D.E. 275-1, at 2]. Petcoke listed the "Owner" of the Property as Petrocedeño. Id.

2. Petcoke identified the "Owner" and "Property" in accordance with definitions provided by OFAC. See Affidavit of Marsha McIntyre (hereafter, "McIntyre Aff.") [D.E. 275-2, at 2].

3. On August 8, 2019, the Clerk of Court issued a Writ of Garnishment requiring Petcoke to answer whether it was indebted to Petrocedeño and to state "in what sum and what tangible and intangible personal property of Petrocedeño" it had "in its possession or control." See Writ of Garnishment [D.E. 243, at 1].

4. In response to Plaintiff's Writ of Garnishment, Petcoke identified the Property. See McIntyre Aff. [D.E. 275-2, at 2]. See also Answer and Affirmative Defenses to Writ of Garnishment of Garnishee SSM Petcoke, LLC (hereafter, "Answer") [D.E. 252 at 1] (stating that Petcoke was "indebted to" Petrocedeño "in the sum of $18,837,114.83," which sum represented "funds owed to" Petrocedeño "in connection with petcoke product purchased from that entity").

## DISCUSSION

TRIA authorizes "the attachment of the property of terrorist parties and that of their agencies or instrumentalities to satisfy certain judgments issued against them." Hausler v. JP Morgan Chase Bank, N.A., 770 F.3d 207, 211 (2d Cir. 2014). The United States contends that Plaintiff has to show Petrocedeño's "ownership interest" in the Property listed by Petcoke in its Report and its Answer before the Property can be used to satisfy Plaintiff's judgment. Defendant argues that he can make this showing under both federal and Florida law.[1]

### A. *Federal law*

In Bennett v. Islamic Republic of Iran, 825 F.3d 949 (9th Cir. 2016), the Ninth Circuit examined under federal law the issue of whether money owed to an instrumentality of a terrorist state, namely, Bank Melli, was available to satisfy a judgment pursuant to TRIA. 825 F.3d at 964, abrogated on other grounds by Rubin v. Islamic Republic of Iran, 138 S. Ct. 816 (2018). The Ninth Circuit concluded that it was because Bank Melli was "the ultimate beneficiary" of the money owed to it "for services rendered to third parties pursuant to an agreement between them." Id. Similar to Bennett, the Property here is owed to Petrocedeño for product purchased by Petcoke from that entity. Therefore, Plaintiff has established, both factually and legally, that Petrocedeño has an ownership interest in the Property.

### B. Florida law

The Writ of Garnishment served on Petcoke required it to disclose "in what sum and what tangible and intangible personal property of Petrocedeño" it had "in its possession or control." See

---

[1] Plaintiff and the United States acknowledge that the question of which law to apply in determining ownership of blocked assets under TRIA has not been addressed by the Eleventh Circuit or the United States Supreme Court, thereby requiring analysis under both federal and applicable state law. The garnishment proceedings against Petcoke have been conducted pursuant to Florida law. See Motion for Writ of Garnishment [D.E. 242 at 1] (citing Fla. Stat. §§ 77.01 *et seq.*).

3

Writ of Garnishment [D.E. 243, at 1]. Petcoke responded by identifying the Property, which represented "funds owed to" Petrocedeño "in connection with petcoke product purchased from that entity. See Answer [D.E. 252 at 1]. These facts establish Petrocedeño's ownership of the Property, which, pursuant to Florida's garnishment statute, are subject to the entry of judgment in favor of Plaintiff. See Fla. Stat. §77.083 ("Judgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer shall be entered for the amount of his or her liability as disclosed by the answer or trial.").

## CONCLUSION

Based on the foregoing, the undersigned FINDS that TRIA's ownership requirement has been met with respect to the Property, and SUPPLEMENTS the Sealed Report and Recommendation [D.E. 264] filed October 24, 2019 accordingly.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have the time prescribed below to file written objections, if any, with the Honorable Paul C. Huck, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

In accordance with the Sealed Supplement and Amendment to Sealed Report and Recommendation [D.E. 264], filed October 28, 2019 [D.E. 265]

1) Plaintiff shall, in addition to authorized e-mail service, effectuate service of this "Sealed Second Supplement to Sealed Report and Recommendation [D.E. 264]" upon Petrocedeño in accordance with Rule 4 of the Federal Rules of Civil Procedure; and

4

shall file proof of such service with the Court.

2) The period for filing objections to this "Sealed Second Supplement to Sealed Report and Recommendation [D.E. 264]" is extended to **thirty days** from the date of actual service.

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 29th day of January, 2020.

*/s/ Alicia Otazo-Reyes*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Paul C. Huck
Counsel for Plaintiffs
Counsel for Garnishee SSM Petcoke, LLC
Defendants' authorized e-mail service