UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21517-CIV-HUCK/OTAZO-REYES

JOHN DOE,

    Plaintiff,

v.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

    Defendants,

v.  SSM Petcoke, LLC

    Garnishee.

_____/

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS AND GRANTING SEALED MOTION FOR RELEASE OF FUNDS HELD BY GARNISHEE, SSM PETCOKE, LLC

THIS CAUSE comes to be heard upon the Sealed Motion for Relief of Funds Held by Garnishee, SSM Petcoke, LLC (D.E. 258) (the "Motion"), filed October 1, 2019, seeking the turnover of blocked funds pursuant to the Terrorism Risk Insurance Act of 2002 ("TRIA"), §201(a), 28 U.S.C. § 1610 note.

On October 2, 2019, the Court referred the Motion to the Honorable Magistrate Alicia Otazo-Reyes, United States Magistrate Judge (D.E. 261).  On October 23, 2019, Magistrate Judge Otazo-Reyes issued a Sealed Report and Recommendation (D.E. 264) recommending that the Motion be granted.

On November 25, 2019, the United States filed a Sealed Statement of Interest of the United States (D.E. 272) (the "Statement of Interest") in which it argued that

additional findings of ownership were required.  On January 24, 2020, the Court referred the Statement of Interest to Magistrate Judge Otazo-Reyes (D.E. 276).  On January 29, 2020, Magistrate Judge Otazo-Reyes issued a Sealed Second Supplement to Sealed Report and Recommendation [D.E. 264] making supplemental findings and granting thirty days for filing objections. (D.E. 277).  No objections by the United States, or anyone else, were filed.

Separately, on October 28, 2019, Magistrate Judge Otazo-Reyes issued a Sealed Supplement and Amendment to Sealed Report and Recommendation [D.E. 264] (D.E. 265) requiring service according to Rule 4 of the Federal Rules of Civil Procedure, and again required such formal service of her second supplement.  *See* D.E. 277.

Plaintiff timely filed limited objections to the requirements of Rule 4 service contained in the two supplements.  *See* D.E. 271 and D.E. 279.  On May 1, 2020, the Court issued a Sealed Order Sustaining Plaintiff's Limited Objections to the Sealed Supplements to Sealed Report and Recommendation (D.E. 282), approving Plaintiff's prior service, and ordering continuing appropriate service thereof.  On May 6, 2020, Plaintiff filed a Sealed Certificate of Service (D.E. 283).  All times for filing objections to the Reports and Recommendations (D.E. 264 and D.E. 277) have passed.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Sealed Report and Recommendation (D.E. 264) and the Sealed Second Supplement to the Sealed Report and Recommendation (D.E. 277) are **ADOPTED**.  The Sealed Motion for Relief of Funds Held by Garnishee, SSM Petcoke, LLC (D.E. 258) is **GRANTED**.  This Court adopts the findings of the Reports and Recommendations that:

1) This Court has subject matter jurisdiction to administer post-judgment

proceedings pursuant to TRIA § 201;

2) The Court concludes that Plaintiffs, through their extensive submissions, have adequately established that:

(a) they have obtained judgment against terrorist parties (the FARC and ELN);

(b) the judgment is based on an act of terrorism;

(c) the assets which Plaintiffs seek to execute on are "blocked assets" as that term is defined under TRIA;

(d) the "blocked assets" are assets "of" Petrocedeño, S.A., such that TRIA's ownership requirement has been met;

(e) the total amount of the execution does not exceed the amount outstanding of the compensatory portion of judgment; and

(f) Petrocedeño SA is an agency or instrumentality of the FARC and/or ELN. Thus, its blocked assets are subject to attachment and execution pursuant to the TRIA.

3) The Court further finds that Plaintiff has served a writ of garnishment and satisfied all notice requirements pursuant to Florida law, as well as the requirements of due process required by the U.S. Constitution; and

4) Defendants and Petrocedeño SA have failed to timely move to dissolve the writ of garnishment and are in default.

5) The Court hereby directs SSM Petcoke LLC to surrender to Plaintiff's counsel funds equivalent to the outstanding balance of the compensatory portion of Plaintiff's judgment, which is $16,420,606.83[1], less agreed attorneys' fees of $28,043.38 within seven (7) business days from the date of the order.

---

[1] This amount represents the outstanding balance of the compensatory judgment, including statutory post-judgment interest as noted in the Sealed Report and Recommendation.

6)  The Court directs the clerk to release to SSM Petcoke, LLC the garnishment fee of $100.

7)  Upon completion of the requirements herein, SSM Petcoke, LLC will be released from any liability to Petrocedeño, SA (or anyone else with claimed ownership rights to the blocked funds) for the amount of the funds surrendered to Plaintiff, and discharged from this garnishment action for compliance with the Order of the Court.

8) The Court hereby orders the Clerk to **UNSEAL** this matter (D.E. 237-285).

**DONE and ORDERED** in Miami, Florida on June 5, 2020.

_____

Honorable Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record